# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

_____

No. 97-50109

_____

In the Matter of:  AL COPELAND ENTERPRISES, INCORPORATED,

Debtor.

LOUISIANA FIRST FINANCIAL GROUP, INCORPORATED,

Plaintiff-Appellant,

versus

AL COPELAND ENTERPRISES, INCORPORATED,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Western District of Texas
(A-96-CA-113)

_____

June 9, 1998

Before POLITZ, Chief Judge, BENAVIDES and PARKER, Circuit Judges.

POLITZ, Chief Judge:*

Louisiana First Financial Group, Inc. (LFFG) appeals an adverse summary

judgment by the bankruptcy court, dismissing its claim for commissions based on

---

*Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a contract with Al Copeland Enterprises, Inc. (ACE). On the first appeal we remanded to the bankruptcy court to determine if the burden of proof announced in **In Re Hinkley**[1] had been followed. On remand, after imposing the proper, respective burdens, the bankruptcy court granted ACE's motion for summary judgment. The district court affirmed. Concluding that LFFG raised no issue of material fact as to its ultimate burden under **Hinkley,** we now affirm the district court's affirmance of the bankruptcy court's ruling.

## BACKGROUND

In 1988, LFFG, a mortgage broker, contracted to provide $18.2 million in mortgage financing for ACE. The contract provided in part that LFFG would receive a one percent commission on the total amount of financing arranged, contingent on the monies actually being funded. ACE would also be obligated to pay the commitment fee if ACE executed a written acceptance of the financing and later decided against consummating the transaction.

The agreement thereafter was modified several times as ACE's financial needs changed. Ultimately, the contract was amended to provide that LFFG would work with Merrill Lynch in obtaining $120 million in mortgage financing for ACE, and the two of them would split a four percent commission if the monies were

---

[1]58 B.R. 339 (Bankr. S.D. Tex. 1986), **aff'd**, 875 F.2d 859 (5th Cir. 1989).

actually funded, or if ACE executed a written acceptance of the financing arrangement.

As efforts to obtain the necessary funding began in earnest, it became apparent that ACE's debts would have to be restructured before any new financing could be obtained. LFFG worked with ACE to find a company to do the restructuring, ultimately securing Pru Bache for the task. In return for its efforts, LFFG contends that it was to be paid a 1% commission on any refinancing done in connection with the restructure. The parties also anticipated that mortgage financing would be a part of the overall restructuring and that LFFG would get a commission of 2%, its half of the 4% commission it was to share with Merrill Lynch. In an apparent attempt to circumvent LFFG's commissions, ACE terminated its relationship with LFFG and selected First Boston rather than Pru Bache for the restructuring. First Boston was not successful in restructuring ACE and ACE filed a Chapter 11 petition in bankruptcy in April 1991.

LFFG filed suit in state court to recover its commissions, alleging ACE's breach of contract, claiming $2.4 million, which included the 2% commission of the $120 million in mortgage financing and $2.5 million as its commission on the

debt restructuring.[2]  Following ACE's bankruptcy filing, LFFG filed its proof of claim therein.  In its initial hearing, the bankruptcy court found that ACE had breached its contract with LFFG in bad faith by selecting First Boston, in lieu of Pru Bache, to avoid paying LFFG's commissions.  Under La. Civ. Code art. 1772,[3] the court held that the suspensive condition (that monies be actually funded) was deemed fulfilled and awarded LFFG $2.4 million.  The claim for commissions on the debt restructure was dismissed.  The district court affirmed the bankruptcy court.  On appeal, however, we remanded to the bankruptcy court for clarification of the placement of the **Hinkley** burden of proof.  On remand the bankruptcy court properly placed the **Hinkley** burden and awarded summary judgment in favor of ACE.  LFFG appealed to the district court which affirmed the bankruptcy court.  The instant appeal timely followed.

### ANALYSIS

A proof of claim executed and filed in accordance with the Bankruptcy Rules

---

[2] The $2.5 million claim represents 1% of $250 million.  LFFG contends that $250 million in non mortgage financing would have been necessary in the restructuring of ACE.  This amount represents the difference in ACE's outstanding debts in 1990 less the $120 million in mortgage financing that was to be funded.

[3] Article 1772 provides, "A condition is regarded as fulfilled when it is not fulfilled because of the fault of a party with an interest contrary to the fulfillment." La.Civ. Code art. 1772.

constitutes prima facie evidence of the validity and amount of the claim.[4] One objecting to a claim has the burden of presenting a substantial factual basis to overcome that prima facie validity of the proof of claim. Once the debtor has met this burden, the claimant must then prove its claim under the relevant substantive law.[5]

LFFG filed an amended proof of claim for its commissions under the contract with Ace. Although no financing was actually procured, and the voluntary restructure of Ace did not take place, LFFG contended that it was entitled to the commissions because under Article 1772 the suspensive condition was deemed fulfilled by virtue of Ace's bad faith breach.[6] To rebut LFFG's prima facie proof of claim Ace countered that it had not received and LFFG would not have been able to procure <u>any</u> mortgage financing for ACE. At that point it became incumbent on LFFG to prove the validity of its claim under Louisiana law. LFFG submitted that the mere breach of the contract was sufficient under Louisiana law to invoke the presumption of Article 1772, asserting that the suspensive condition

---

[4]Bank.R.3001(f). **See also, Hinkley**, 89 B.R. 608; **In Re Simmons** 765 F.2d 547 (5th Cir. 1985).

[5] **Hinkley**, 89 B.R. 608.

[6]The bankruptcy court found that ACE had breached the contract with LFFG in bad faith. This finding was affirmed on appeal and is not an issue in this appeal.

would be considered fulfilled because LFFG was prevented from actually fulfilling the condition by Ace's bad faith breach. Article 1772 requires more, however, than a mere showing of Ace's bad faith breach -- LFFG must prove that but for the breach the condition would have been fulfilled.[7] In the instant case LFFG has not offered any evidence to prove that it would have procured lenders for Ace who would have provided the mortgage financing, or that Pru Bache would have been successful in its attempt to restructure Ace. LFFG contends that its very engagement of Pru Bache, a company who had been successful in many similar debt restructures, was sufficient evidence of its ability to fulfill the suspensive condition. Pru Bache, however, was not a lender ready, willing, and able to advance the funds to Ace. Pru Bache, much like LFFG, was to locate lenders and assist in the restructuring of Ace. The record contains nothing beyond mere speculation supporting the proposition that either LFFG or Pru Bache would have in fact been able to locate willing lenders or that a successful restructuring of this company would have occurred.

The judgment of the district court affirming the bankruptcy court is AFFIRMED.

---

[7] **Stevens v. Tynes**, 357 So.2d 7 (La. App.), **cert. denied**, 357 So.2d 1152 (La. 1978).